1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
   San Francisco, CA  94105-2994
3  Telephone:  (415) 268-2000
   Facsimile:   (415) 268-1999
4  Email: matt.jaksa@hro.com
5
   Attorneys for Plaintiffs,
6  INTERSCOPE RECORDS; SONY BMG
7  MUSIC ENTERTAINMENT; UMG
   RECORDINGS, INC.; ELEKTRA
8  ENTERTAINMENT GROUP INC.;
9  WARNER BROS. RECORDS INC.;
   PRIORITY RECORDS LLC; and
10 MOTOWN RECORD COMPANY, L.P.

11              UNITED STATES DISTRICT COURT
12            NORTHERN DISTRICT OF CALIFORNIA
                  SAN JOSE DIVISION
13

14 | INTERSCOPE RECORDS, a California general | CASE NO. 5:07-CV-04791-JF |
15 | partnership; SONY BMG MUSIC | |
   | ENTERTAINMENT, a Delaware general | Honorable Jeremy Fogel |
16 | partnership; UMG RECORDINGS, INC., a | |
17 | Delaware corporation; ELEKTRA | **DECLARATION OF MATTHEW** |
   | ENTERTAINMENT GROUP INC., a Delaware | **FRANKLIN JAKSA IN FURTHER** |
18 | corporation; WARNER BROS. RECORDS | **SUPPORT OF MOTION FOR DEFAULT** |
   | INC., a Delaware corporation; PRIORITY | **JUDGMENT AGAINST DEFENDANT JOE** |
19 | RECORDS LLC, a California limited liability | **PETELLE** |
20 | company; and MOTOWN RECORD | |
   | COMPANY, L.P., a California limited | |
21 | partnership, | |
22 |                    Plaintiffs, | |
23 | | |
   |        v. | |
24 | | |
25 | JOE PETELLE, | |
   |              Defendant. | |
26

27

28

DECLARATION OF MATTHEW FRANKLIN JAKSA
Case No.  5:07-CV-04791-JF
#35421 v1

1

2

### DECLARATION OF MATTHEW FRANKLIN JAKSA

I, Matthew Franklin Jaksa, declare:

3    1.    I am an attorney at law licensed to practice before the Courts of the State of

4    California and the United States District Court for the Northern District of California. I am an

5    associate in the law firm of Holme Roberts & Owen LLP ("HRO"). HRO serves as lead national

6    counsel for the record companies in all actions like the current case. I have personal knowledge of

7    all facts set forth in this declaration, except as where stated on information and belief. As to such

8    facts, I believe them to be true.

9    2.    Users of peer-to-peer networks who distribute files over a network can be identified

10    using Internet Protocol ("IP") addresses, as more fully described below, because the unique IP

11    address of the computer offering the files for distribution can be captured by a user during a search

12    or a file transfer. Users of peer-to-peer networks can be identified by their IP addresses because

13    each computer or network device that connects to a peer-to-peer network must have a unique IP

14    address within the Internet to deliver files from one computer or network device to another. Two

15    computers cannot effectively function if they are connected to the Internet with the same IP address

16    at the same time. This is analogous to the postal system, where each mail drop has a unique address.

17    Each computer or network device is connected to a network that is administered by an organization

18    like a business, Internet Service Provider ("ISP"), college or university. Each network, in turn, is

19    analogous to a zip code. The network provider will maintain a log of IP address allocations. An IP

20    address can be associated with an organization such as an ISP, business, college or university, and

21    that organization can identify the peer-to-peer network user associated with the IP address.

22    3.    On April 26, 2007, Plaintiffs' investigators detected an individual, later determined to

23    be Defendant, using the LimeWire online media distribution system over a peer-to-peer file-sharing

24    network. This individual had 1197 music files on his computer and was distributing them to the

25    millions of people who use peer-to-peer networks. A third-party investigator retained by Plaintiffs,

26    MediaSentry, Inc., determined that the individual used IP address 67.180.124.20 to connect to the

27    Internet.

28

1    4.    In gathering evidence of copyright infringement, MediaSentry uses the same

2    functionalities that are built into peer-to-peer programs that any user of the software can use on the

3    network. Therefore, MediaSentry does not do anything that any other user on a peer-to-peer

4    network cannot do. MediaSentry does not obtain any information that is not also available to anyone

5    who logs into a peer-to-peer network.

6    5.    Just as any other user on the same peer-to-peer network as this individual would be

7    able to do, MediaSentry was able to detect the infringement of copyrighted works and identify the

8    user's IP address, because the LimeWire peer-to-peer software had its file-sharing feature enabled.[1]

9    MediaSentry obtained a list of the individual's "share" folder(s) and downloaded a number of the

10   MP3 music files that the individual was offering to users of the LimeWire network. Then, the record

11   companies themselves verified that these music files were, indeed, their copyrighted recordings.

12   These music files are the ones listed in Exhibit A to the Complaint, a true and correct copy of which

13   is attached as Exhibit 1.

14   6.    Once Plaintiffs verified that their copyrights had been infringed, Plaintiffs began the

15   process of identifying the individual associated with IP address 67.180.124.20. To do this, Plaintiffs

16   filed a Doe lawsuit and a motion for leave to take expedited discovery. The purpose of the discovery

17   motion was to allow the Plaintiffs to serve a subpoena on the ISP with which IP address

18   67.180.124.20 was associated, in order to learn the identity of the individual to whom this address

19   was assigned at the date and time the infringement was detected. Specifically, Plaintiffs sought

20   leave to serve a subpoena asking the ISP to identify the individual associated with IP address

21   67.180.124.20 at the date and time MediaSentry detected the infringement.

22   7.    The Court in which the Doe case was filed granted Plaintiffs' discovery motion, and

23   Plaintiffs served the above-referenced subpoena on Comcast Cable Communications, LLC

24   ("Comcast"), the ISP associated with the above-referenced IP address. Comcast identified Joe

25   Petelle, the Defendant, as the individual in question.

26

27   _____

28    [1] *See United States v. Kennedy*, 81 F. Supp. 2d 1103, 1106 n.4 (D. Kan. 2000) (explaining
     detection through a file-sharing program).

2

1      8.      After learning Mr. Petelle's identity, Plaintiffs' counsel sent Mr. Petelle a letter

2    advising him that copyright infringement had been detected and providing a telephone number and

3    e-mail address he could use to contact Plaintiffs' representatives to try to resolve the matter before

4    the commencement of litigation.

5      9.      Plaintiffs' settlement representatives did not hear from Defendant, and Plaintiffs filed

6    their Complaint against Defendant for copyright infringement on September 18, 2007.

7      10.     Defendant was served with the Summons and Complaint on October 22, 2007, by

8    substitute service.

9      11.     Defendant failed to answer or otherwise respond to the Complaint, or to serve a copy

10    of any answer or other response upon Plaintiffs' attorneys of record.

11      12.     On December 18, 2007, the Clerk of this Court entered the default of Defendant.

12    Attached as Exhibit 2 is a true and correct copy of the Default by Clerk.

13      13.     Defendant was notified that the Clerk of this Court entered default of Defendant on

14    December 26, 2007. Attached as Exhibit 3 is a true and correct copy of the Proof of Service of

15    Default by Clerk.

16      14.     The library staff of Holme Roberts & Owen conducted searches in the SmartLinx

17    Person Summary Report database of Lexis Nexis to determine the age of Defendant. This search

18    revealed that Defendant was born in 1977. As such, Plaintiffs are informed and believe that

19    Defendant is approximately 31 years old, and is therefore not a minor. Attached as Exhibit 4 is a

20    true and correct copy of the search. I am also informed and believe that Defendant is not

21    incompetent.

22      15.     The Library staff of Holme Roberts & Owen also conducted searches through the

23    Department of Defense – Manpower Data Center, to determine if Defendant is in the military. The

24    search revealed no evidence that Defendant is in the military service. Attached as Exhibit 5 is a true

25    and correct copy of the search.

26      16.     Plaintiffs have incurred costs in this case in the amount of $350 for filing fees, and

27    $200 for service of process.

28

3

DECLARATION OF MATTHEW FRANKLIN JAKSA
Case No. 5:07-CV-04791-JF
#35421 v1

1    17.    In the event that the Court has additional questions or concerns related to Plaintiffs'

2    motion for default judgment, Plaintiffs respectfully request a hearing in order to address the Court's

3    concerns.

4    I declare under penalty of perjury under the laws of the United States of America that the

5    foregoing is true and correct.

6    Executed this 22nd day of February, 2008, at San Francisco, California.

7

8    _____

9    Matthew Franklin Jaksa

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT 1

1   Matthew Franklin Jaksa (CA State Bar No. 248072)
    HOLME ROBERTS & OWEN LLP
2   560 Mission Street, 25th Floor
    San Francisco, CA 94105-2994
3   Telephone:  (415) 268-2000
    Facsimile:  (415) 268-1999
4   Email:       matt.jaksa@hro.com
5
    Attorneys for Plaintiffs,
6   INTERSCOPE RECORDS; SONY BMG MUSIC
7   ENTERTAINMENT; UMG RECORDINGS, INC.;
    ELEKTRA ENTERTAINMENT GROUP INC.;
8   WARNER BROS. RECORDS INC.; PRIORITY
    RECORDS LLC; and MOTOWN RECORD
9   COMPANY, L.P.
10

11                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
12

13
                                            C 07 4791  JF
14  INTERSCOPE RECORDS, a California general   CASE NO.
    partnership; SONY BMG MUSIC                           HRL
15  ENTERTAINMENT, a Delaware general
16  partnership; UMG RECORDINGS, INC., a   COMPLAINT FOR COPYRIGHT
    Delaware corporation; ELEKTRA          INFRINGEMENT
17  ENTERTAINMENT GROUP INC., a Delaware
    corporation; WARNER BROS. RECORDS
18  INC., a Delaware corporation; PRIORITY
19  RECORDS LLC, a California limited liability
    company; and MOTOWN RECORD
20  COMPANY, L.P., a California limited
    partnership,
21            Plaintiffs,
22
          v.
23
24  JOE PETELLE,
              Defendant.
25
26
27
28

    Complaint for Copyright Infringement
    Case No.
    #32256 v1

**JURISDICTION AND VENUE**

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*).

2.    This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3.    This Court has personal jurisdiction over the Defendant, Joe Petelle, and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, because, on information and belief, the Defendant resides in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

**PARTIES**

4.    Plaintiff Interscope Records is a California general partnership, with its principal place of business in the State of California.

5.    Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

6.    Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

7.    Plaintiff Elektra Entertainment Group Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

8.    Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

9.    Plaintiff Priority Records LLC is a limited liability company with its principal place of business in the State of California.

10.    Plaintiff Motown Record Company, L.P. is a limited partnership duly organized and existing under the laws of the State of California, with its principal place of business in the State of California.

1

Complaint for Copyright Infringement
Case No.
#32256 v1

11.     Plaintiffs are informed and believe that Defendant is an individual who resided in San Jose, California, within this District at the time of the infringement complained of herein.  Upon information and belief, Defendant may still be found in this District.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

12.     Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

13.     Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings").  Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, for which the Plaintiffs are the owners as specified on Exhibit A.

14.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

15.     Much of the unlawful distribution of copyrighted sound recordings over the Internet occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media distribution systems.  P2P networks, at least in their most popular form, refer to computer systems or processes that enable Internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files from one computer to another via the Internet, which can include both downloading an exact copy of that file onto the user's own computer and distributing an exact copy of that file to other Internet users on the same P2P network.  P2P networks enable users who otherwise would have no connection with, or knowledge of, each other to provide a sophisticated search mechanism by which users can locate these files for downloading and to reproduce and distribute files off of their personal computers.

2

1    16.    Users of P2P networks who distribute files over a network can be identified by using

2 Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files

3 for distribution can be captured by another user during a search or a file transfer. Users of P2P

4 networks can be identified by their IP addresses because each computer or network device (such as a

5 router) that connects to a P2P network must have a unique IP address within the Internet to deliver

6 files from one computer or network device to another. Two computers cannot effectively function if

7 they are connected to the Internet with the same IP address at the same time.

8    17.    Plaintiffs identified an individual using LimeWire on the P2P network Gnutella at IP

9 address 67.180.124.20 on April 26, 2007 at 15:33:11 EDT distributing 1197 audio files over the

10 Internet. The Defendant was identified as the individual responsible for that IP address at that date

11 and time. Plaintiffs are informed and believe that as of April 26, 2007, Defendant, without the

12 permission or consent of Plaintiffs, had continuously used, and continued to use, a P2P network to

13 download and/or distribute to the public the Copyrighted Recordings. Exhibit A identifies the date

14 and time of capture and a list of Copyrighted Recordings that Defendant has, without the permission

15 or consent of Plaintiffs, downloaded and/or distributed to the public. Through Defendant's

16 continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted

17 Recordings, which acts Plaintiffs believe to have been ongoing for some time, Defendant has

18 violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute

19 infringement of Plaintiffs' copyrights and exclusive rights under copyright.

20    18.    In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and

21 believe that Defendant has, without the permission or consent of Plaintiffs, continuously downloaded

22 and/or distributed to the public additional sound recordings owned by or exclusively licensed to

23 Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are

24 ongoing.

25    19.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on

26 each respective album cover of each of the sound recordings identified in Exhibit A. These notices

27 of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.

28

3

1  These published copies were widely available, and each of the published copies of the sound

2  recordings identified in Exhibit A was accessible by Defendant.

3      20.    Plaintiffs are informed and believe that the foregoing acts of infringement have been

4  willful and intentional, in disregard of and indifference to the rights of Plaintiffs.

5      21.    As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights

6  under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for

7  Defendant's infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to

8  their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

9      22.    The conduct of Defendant is causing and, unless enjoined and restrained by this

10  Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated

11  or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502

12  and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing

13  Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in

14  violation of Plaintiffs' exclusive rights.

15      WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

16          1.    For an injunction providing:

17          "Defendant shall be and hereby is enjoined from directly or indirectly
           infringing Plaintiffs' rights under federal or state law in the
18          Copyrighted Recordings and any sound recording, whether now in
           existence or later created, that is owned or controlled by Plaintiffs (or
19          any parent, subsidiary, or affiliate record label of Plaintiffs)
           ("Plaintiffs' Recordings"), including without limitation by using the
20          Internet or any online media distribution system to reproduce (i.e.,
           download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any
21          of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings
           available for distribution to the public, except pursuant to a lawful
22          license or with the express authority of Plaintiffs. Defendant also shall
           destroy all copies of Plaintiffs' Recordings that Defendant has
23          downloaded onto any computer hard drive or server without Plaintiffs'
           authorization and shall destroy all copies of those downloaded
24          recordings transferred onto any physical medium or device in
           Defendant's possession, custody, or control."

25

26          2.    For statutory damages for each infringement of each Copyrighted Recording

27  pursuant to 17 U.S.C. § 504.

28          3.    For Plaintiffs' costs in this action.

4

1    4.    For Plaintiffs' reasonable attorneys' fees incurred herein.

2    5.    For such other and further relief as the Court may deem just and proper.

3    Dated: September 18, 2007                    HOLME ROBERTS & OWEN LLP

4

5                                        By: _____

6                                            MATTHEW FRANKLIN JAKSA
                                             Attorney for Plaintiffs
7                                            INTERSCOPE RECORDS; SONY BMG
                                             MUSIC ENTERTAINMENT; UMG
8                                            RECORDINGS, INC.; ELEKTRA
                                             ENTERTAINMENT GROUP INC.;
9                                            WARNER BROS. RECORDS INC.;
10                                           PRIORITY RECORDS LLC; and
                                             MOTOWN RECORD COMPANY, L.P.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Complaint for Copyright Infringement
Case No.
#32256 v1

## EXHIBIT A

### JOE PETELLE

**IP Address:** 67.180.124.20 2007-04-26 15:33:11 EDT          **CASE ID#** 126837740

**P2P Network:** Gnutella                                      **Total Audio Files:** 1197

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Interscope Records | Eminem | The Real Slim Shady | The Marshall Mathers LP | 287-944 |
| SONY BMG MUSIC ENTERTAINMENT | Marvin Gaye | Sexual Healing | Midnight Love | 41-568 |
| UMG Recordings, Inc. | Luther Vandross | Don't Want to Be a Fool | Power Of Love | 185-186 |
| Elektra Entertainment Group Inc. | LSG | My Body | Levert, Sweat, Gill | 252-131 |
| Interscope Records | Eminem | Superman | Eminem Show | 317-924 |
| Warner Bros. Records Inc. | Fleetwood Mac | Dreams | Rumours | N39857 |
| Priority Records LLC | Ice Cube | Ghetto Vet | The War Disc | 268-428 |
| SONY BMG MUSIC ENTERTAINMENT | Luther Vandross | Anyone Who Had a Heart | Give Me The Reason | 79-450 |
| Motown Record Company, L.P. | Marvin Gaye | Distant Lover | Let's Get It On | N8961 |

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**280 South First Street**
**San Jose, California 95113**

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
408.535.5364

December 20, 2007

RE:  <u>CV 07-04791 JF</u>          <u>INTERSCOPE RECORDS-v- JOE PETELLE</u>

Default is entered as to Defendant Joe Petelle on 12/18/2007.

RICHARD W. WIEKING, Clerk

*Gordana Macic*

by<u>Gordana Macic</u>
Case Systems Administrator

NDC TR-4  Rev. 3/89

# EXHIBIT 3

1    Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
2    560 Mission Street, 25th Floor
3    San Francisco, CA 94105-2994
Telephone: (415) 268-2000
4    Facsimile: (415) 268-1999
Email: matt.jaksa@hro.com
5

6    Attorneys for Plaintiffs,
INTERSCOPE RECORDS; SONY BMG MUSIC
7    ENTERTAINMENT; UMG RECORDINGS, INC.;
ELEKTRA ENTERTAINMENT GROUP INC.;
8    WARNER BROS. RECORDS INC.; PRIORITY
RECORDS LLC; and MOTOWN RECORD
9    COMPANY, L.P.

10

11                UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
12

13

| | |
|---|---|
| 14   INTERSCOPE RECORDS, a California general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; and MOTOWN RECORD COMPANY, L.P., a California limited partnership, <br>               Plaintiffs, <br><br>     v. <br><br> JOE PETELLE, <br>               Defendant. | CASE NO. C 07-04791 JF <br><br> **Honorable Jeremy Fogel** <br><br> PROOF OF SERVICE |

26

27

28

Proof of Service
Case No. C 07-04791 JF
#32255 v1

**PROOF OF SERVICE**

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the office of Holme Roberts & Owen in San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 560 Mission Street, 25th Floor, San Francisco, CA 94105.

On December 26, 2007, I served the foregoing documents described as:

**CLERK'S NOTICE OF ENTRY OF DEFAULT**

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> **Joe Petelle**
> **131 Senter Road**
> **San Jose, CA 95111**

☒    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 26, 2007 at San Francisco, California.

Molly Morris
_____
Molly Morris

1

Proof of Service
Case No. C 07-04791 JF
#32255 v1

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**280 South First Street**
**San Jose, California 95113**

———————

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
408.535.5364

December 20, 2007

RE: <u>CV 07-04791 JF</u>        <u>INTERSCOPE RECORDS-v- JOE PETELLE</u>

Default is entered as to Defendant Joe Petelle on 12/18/2007.

RICHARD W. WIEKING, Clerk

by<u>Gordana Macic</u>
Case Systems Administrator

NDC TR-4  Rev. 3/89

# EXHIBIT 4

LexisNexis®: SmartLinx™ Person Report Results

Permissible Uses: DPPA - 1. Litigation
GLBA - 6. Persons With a Legal or Beneficial Interest re Consumer
<u>Click to visualize this report</u>

<u>Subject Summary</u> | Others Using SSN | <u>Address Summary (10)</u> | Voter Registrations
Licenses | Personal Property | <u>Real Property (2)</u> | Bankruptcies | <u>Judgments & Liens (1)</u>
<u>Relatives (3)</u> | <u>Associated Entities (9)</u> | Neighbors | <u>Sources (28)</u>

FOR INFORMATIONAL PURPOSES ONLY
Copyright 2005 LexisNexis,
a division of Reed Elsevier Inc. All Rights Reserved

| Full Name | Address | County | Phone |
|---|---|---|---|
| PETELLE, JOSEPH ROBERT | VIA MONTE DR<br>SAN JOSE, CA 95118<br>COUNTY: SANTA CLARA | SANTA CLARA | |

### ADDITIONAL PERSONAL INFORMATION

| SSN | DOB | GENDER |
|---|---|---|
| 550-61-XXXX<br>(CALIFORNIA: 1980-1980) | 1977<br>(Age: 31) | |

## Subject Summary

Back To Top
Name Variations (4) | SSNs Summary (1) | DOBs (1)

**Name Variations**                                    View Name Variation Sources

1: PETELLE, JOSEPH ROBERT

2: PETELLE, JOSEPH R

3: PETELLE, JOSHEPH

4: PETELLE, JOSEPH

**SSNs Summary**                                                View SSN Sources

| No. | SSN | State Iss. | Date Iss. | Warnings |
|---|---|---|---|---|
| 1: | 550-61-XXXX | CALIFORNIA | 1980-1980 | |

**DOBs**                                                            View DOB Sources

1: 1977

## Address Summary

Back To Top

**Address Summary - 10 records found for subject:**                View Address Sources

| # | Address | Actions |
|---|---|---|
| 1: | VIA MONTE DR<br>SAN JOSE, CA 95118<br>COUNTY: SANTA CLARA | Get Report<br>View Details |
| 2: | 5719 VIA MONTE DR APT D<br>SAN JOSE, CA 95118-326 0<br>COUNTY: SANTA CLARA | Get Report<br>View Details |
| 3: | 5148 SNOW DR<br>SAN JOSE, CA 95111-273 2<br>COUNTY: SANTA CLARA | Get Report<br>View Details |
| 4: | 2344 SHIRE WAY<br>TURLOCK, CA 95380-9487<br>COUNTY: STANISLAUS | Get Report<br>View Details |
| 5: | 1219 SANTA MARIA ST<br>LOS BANOS, CA 93635-3250 | Get Report |

COUNTY: MERCED | View Details

| | Address | | |
|---|---|---|---|
| 6: | 430 OSGOOD CT APT 2<br>SAN JOSE, CA 95111-276 9<br>COUNTY: SANTA CLARA | | Get Report<br>View Details |
| 7: | SAN JOSE, CA 95111<br>COUNTY: SANTA CLARA | | Get Report<br>View Details |
| 8: | 430 OSGOOD CT APT 26<br>SAN JOSE, CA 95111-276 9<br>COUNTY: SANTA CLARA | | Get Report<br>View Details |
| 9: | 344 G ST<br>LOS BANOS, CA 93635-3618<br>COUNTY: MERCED | | Get Report<br>View Details |
| 10: | 709 BRAXTON DR<br>SAN JOSE, CA 95111-262 0<br>COUNTY: SANTA CLARA | | Get Report<br>View Details |

**Address Details**

**1: VIA MONTE DR, SAN JOSE, CA 95118**

| Address | Dates | Phones | Actions |
|---|---|---|---|
| VIA MONTE DR<br>SAN JOSE, CA 95118<br>COUNTY: SANTA CLARA | 01/2008 | | Get Report |

**2: 5719 VIA MONTE DR APT D, SAN JOSE, CA 95118-3260**

| Address | Dates | Phones | Actions |
|---|---|---|---|
| 5719 VIA MONTE DR APT D<br>SAN JOSE, CA 95118-3260<br>COUNTY: SANTA CLARA | 01/2008 | | Get Report |

Census Data for this Geographical Region

| | |
|---|---|
| Median Head of Household Age: | 28 |
| Median Income: | $36,906 |
| Median Home Value: | $362,300 |
| Median Education Level: | 12 years |

**3: 5148 SNOW DR, SAN JOSE, CA 95111-2732**

| Address | Dates | Phones | Actions |
|---|---|---|---|
| 5148 SNOW DR<br>SAN JOSE, CA 95111-2732<br>COUNTY: SANTA CLARA | 11/2006 | | Get Report |

Census Data for this Geographical Region

| | |
|---|---|
| Median Head of Household Age: | 30 |
| Median Income: | $69,583 |
| Median Home Value: | $303,100 |
| Median Education Level: | 12 years |

| Residents | Actions |
|---|---|
| PETELLE, ROBERT | Get Report |

**4: 2344 SHIRE WAY, TURLOCK, CA 95380-9487**

| Address | Dates | Phones | Actions |
|---|---|---|---|
| 2344 SHIRE WAY<br>TURLOCK, CA 95380-9487<br>COUNTY: STANISLAUS | 08/2006 | (209) 669-8596 | Get Report |

Census Data for this Geographical Region

| | |
|---|---|
| Median Head of Household Age: | 27 |
| Median Income: | $40,469 |
| Median Home Value: | $135,600 |
| Median Education Level: | 13 years |

| Other Associates | | | Actions |
|---|---|---|---|
| HERNESMAA, CHRIS JAY<br>HERNESMAN, CHRIS JAY<br>HERNESMAS, CHRIS JAY | | | Get Report |
| SAMARO, ANN<br>HERNESMAA, JO ANN<br>HERNESMAN, JO ANN<br>PETELLE, JO A<br>PSAMARO, JO A<br>SAMARO, JO A<br>SAMARO HERNESMAA, JO ANN<br>SAMARO-HERNESMAA, JO A<br>HERNESMAA, JOANN A<br>HERNESMAA, JOANN S<br>PETELLE, JOANN<br>SAMARO, JOANN<br>HERNESMAA, JOANNE<br>HERNESMAA, JOANNE ANN<br>SAMARO, JOANNE ANN | | | Get Report |

### 5: 1219 SANTA MARIA ST, LOS BANOS, CA 93635-3250

| Address | Dates | Phones | Actions |
|---|---|---|---|
| 1219 SANTA MARIA ST<br>LOS BANOS, CA 93635-3250<br>COUNTY: MERCED | 08/2006 | | Get Report |

| Census Data for this Geographical Region | | | |
|---|---|---|---|
| Median Head of Household Age: | | | 31 |
| Median Income: | | | $59,957 |
| Median Home Value: | | | $138,600 |
| Median Education Level: | | | 12 years |

| Residents | | | Actions |
|---|---|---|---|
| PETELLE, OOKA | | | Get Report |

| Other Associates | | | Actions |
|---|---|---|---|
| OOKA, MARIE | | | Get Report |

### 6: 430 OSGOOD CT APT 2, SAN JOSE, CA 95111-2769

| Address | Dates | Phones | Actions |
|---|---|---|---|
| 430 OSGOOD CT APT 2<br>SAN JOSE, CA 95111-2769<br>COUNTY: SANTA CLARA | 02/2006 | | Get Report |

| Census Data for this Geographical Region | | | |
|---|---|---|---|
| Median Head of Household Age: | | | 27 |
| Median Income: | | | $59,545 |
| Median Home Value: | | | $302,300 |
| Median Education Level: | | | 11 years |

### 7: , SAN JOSE, CA 95111

| Address | Dates | Phones | Actions |
|---|---|---|---|
| SAN JOSE, CA 95111<br>COUNTY: SANTA CLARA | 10/2005 | | Get Report |

### 8: 430 OSGOOD CT APT 26, SAN JOSE, CA 95111-2769

| Address | Dates | Phones | Actions |
|---|---|---|---|
| 430 OSGOOD CT APT 26<br>SAN JOSE, CA 95111-2769<br>COUNTY: SANTA CLARA | 10/2005 | (408) 578-2310 | Get Report |

| Census Data for this Geographical Region | | | |
|---|---|---|---|
| Median Head of Household Age: | | | 27 |
| Median Income: | | | $59,545 |
| Median Home Value: | | | $302,300 |
| Median Education Level: | | | 11 years |

### 9: 344 G ST, LOS BANOS, CA 93635-3618

| Address | Dates | Phones | Actions |
|---|---|---|---|
| 344 G ST<br>LOS BANOS, CA 93635-3618<br>COUNTY: MERCED | 10/1999 | | Get Report |
| Census Data for this Geographical Region | | | |
| Median Head of Household Age: | | | 30 |
| Median Income: | | | $33,935 |
| Median Home Value: | | | $105,300 |
| Median Education Level: | | | 10 years |

**10: 709 BRAXTON DR, SAN JOSE, CA 95111-2620**

| Address | Dates | Phones | Actions |
|---|---|---|---|
| 709 BRAXTON DR<br>SAN JOSE, CA 95111-2620<br>COUNTY: SANTA CLARA | 01/1999 | | Get Report |
| Census Data for this Geographical Region | | | |
| Median Head of Household Age: | | | 31 |
| Median Income: | | | $82,075 |
| Median Home Value: | | | $345,700 |
| Median Education Level: | | | 12 years |

## Real Property

Back To Top

**Real Property**

View Real Property Sources

**1: Property Record**

| | |
|---|---|
| Address: | 1219 SANTA MARIA RD<br>LOS BANOS, CA 93635-3250<br>COUNTY: MERCED |
| Owner Address: | 1562 TULLY RD UNIT A<br>MODESTO, CA 95350-4029 |
| Sellers: | PETELLE, JOSEPH R |
| Owners: | JAMKE |
| Assessor's Parcel Number: | 082-113-026 |
| Sale Date: | 07/21/2004 |
| Sale Price: | $159,981 |
| Recording Date: | 07/22/2004 |
| Parcel ID: | 82113026 |
| Type: | DEED |
| Document Type: | TRUSTEE'S DEED - (CERTIFICATE OF TITLE) |

**2: Property Record**

| | |
|---|---|
| Address: | 1219 SANTA MARIA RD<br>LOS BANOS, CA 93635<br>COUNTY: MERCED |
| Assessor's Parcel Number: | 082-113-026 |
| Recording Date: | 07/21/2003 |
| Land Use: | SINGLE FAMILY RESIDENCE |
| Parcel ID: | 82113026 |
| Type: | DEED |
| Lender: | AMERICAN BENEFIT MORTGAGE INC |
| Loan Due Date: | 08/01/2033 |

Back To Top

## Judgments & Liens

**Judgments**

Judgments (1)

View Judgment Sources

1:

### Debtor Information

Name: PETELLE JOSEPH MR R

SSN: 550-61-XXXX

Address: 1219 SANTA MARIA ST
LOS BANOS, CA 93635-3250
COUNTY: MERCED

### Creditor Information

Name: MARY MOUA

### Case Information

Filing Jurisdiction: CA

Amount: $2,080

Filing Date: 04/24/2001

Eviction: N

### Filing Information

Number: SC10119933

Type: SMALL CLAIMS JUDGMENT

Agency: MERCED MUNICIPAL COURT

## Potential Relatives

Back To Top

**Potential Relatives**

| No. | Full Name | Address | Phone | Actions |
|-----|-----------|---------|-------|---------|
| 1. | PETELLE, ROBERT<br>SSN: 603-17-XXXX<br>(CALIFORNIA: 1999-2000) | 5148 SNOW DR<br>SAN JOSE, CA 95111-273 2<br>COUNTY: SANTA CLARA | | Get Report |
| 2. | PETELLE, OOKA | 1219 SANTA MARIA ST<br>LOS BANOS, CA 93635-3250<br>COUNTY: MERCED | | Get Report |
| 3. | PETELLE, WALTER E<br>SSN: 547-29-XXXX<br>(CALIFORNIA: 1974-1974)<br>⟋ SSN was linked to more than 2 people.<br>DOB: 09/1972 | 2213 WILLOW OAK CIR APT 306<br>VIRGINIA BEACH, VA 23451-6817<br>COUNTY: VIRGINIA BEACH C. | | Get Report |

## Associated Entities

Back To Top
Person Associates (9)

**Person Associates**

| No. | Full Name | Address | SSN | Phone | DOB | Actions |
|-----|-----------|---------|-----|-------|-----|---------|
| 1. | SCHALKER, DAVE R<br>SCHALKER, DAVE WILLIAM<br>SAHALKER, DAVID WILLIAM<br>SCHALKER, DAVID WILLIAM | 1350 E PACHECO BLVD STE B<br>LOS BANOS, CA 93635-4946<br>COUNTY: MERCED | 550-88-XXXX<br>(CALIFORNIA: 1967-1968) | | 05/1958 | Get Report |
| 2. | DORTTZ, MARK J<br>DROTTZ, MARK J<br>DROTTZ, MARK JAMES<br>DROTZ, MARK J<br>PROTTZ, MARK J | 430 OSGOOD CT # 26<br>SAN JOSE, CA 95111-2769<br>COUNTY: SANTA CLARA | 548-33-XXXX<br>(CALIFORNIA: 1974-1975) | | 06/1967<br>1968 | Get Report |
| 3. | ESTIOKO, MARIUS D<br>ESTIOKO, MARIUS ROMULO<br>ESTIOKO, ROMULO M | 2768 KESEY LN<br>SAN JOSE, CA 95132-1529<br>COUNTY: SANTA CLARA | 566-61-XXXX<br>(CALIFORNIA: 1980-1981)<br>⟋ SSN was linked to more than 2 people. | | 1965 | Get Report |
| | HERNESMAA, CHRIS JAY | 2344 SHIRE WAY | 544-62-XXXX | (209) 669- | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 4. | HERNESMAN, CHRIS JAY<br>HERNESMAS, CHRIS JAY | TURLOCK, CA 95380-9487<br>COUNTY: STANISLAUS | (OREGON:<br>1967-1967) | 8596 | 11/1950 | Get Report |
| 5. | SAMARO, ANN<br>HERNESMAA, JO ANN<br>HERNESMAN, JO ANN<br>PETELLE, JO A<br>PSAMARO, JO A<br>SAMARO, JO A<br>SAMARO HERNESMAA, JO<br>ANN<br>SAMARO-HERNESMAA, JO A<br>HERNESMAA, JOANN A<br>HERNESMAA, JOANN S<br>PETELLE, JOANN<br>SAMARO, JOANN<br>HERNESMAA, JOANNE<br>HERNESMAA, JOANNE ANN<br>SAMARO, JOANNE ANN | 2344 SHIRE WAY<br>TURLOCK, CA 95380-9487<br>COUNTY: STANISLAUS | 559-78-XXXX<br>(CALIFORNIA:<br>1965-1965) | (209) 669-<br>8596 | 1950<br>1945<br>1952 | Get Report |
| 6. | OOKA, GLENDA M | 961 W 14TH ST<br>MERCED, CA 95340-5820<br>COUNTY: MERCED | 548-73-XXXX<br>(CALIFORNIA:<br>1982-1983) | (209) 385-<br>3570 | 07/1979 | Get Report |
| 7. | OOKA, MARIE | 1219 SANTA MARIA ST<br>LOS BANOS, CA 93635-3250<br>COUNTY: MERCED | | | | Get Report |
| 8. | SAMARO, JOE R<br>SAMARO, JOSE | 3118 COLLEGE AVE APT B<br>MERCED, CA 95340-1462<br>COUNTY: MERCED | 570-20-XXXX<br>(CALIFORNIA:<br>1936-1951) | | 09/1919 | Get Report |
| 9. | SAMARO, NELLIE | 3158 CARDENAS TER APT<br>237<br>FREMONT, CA 94536-1988<br>COUNTY: ALAMEDA | 545-28-XXXX<br>(CALIFORNIA:<br>1936-1951)<br>⚑ SSN<br>belongs to a<br>person<br>reported as<br>deceased.<br><br>⚐ SSN was<br>linked to<br>more than 2<br>people. | (000) 000-<br>0000 | 05/1921 | Get Report |

## Sources

Back To Top

**Sources**

| | |
|---|---|
| All Sources | 28 Source Documents |
| Liens and Judgments | 1 Source Document |
| Person Locator 1 | 1 Source Document |
| Phone | 8 Source Documents |
| Historical Person Locator | 13 Source Documents |
| Deed Transfers | 4 Source Documents |
| Person Locator 4 | 1 Source Document |

Key:
⚑⚐  High or moderate risk indicator. These flags may prompt you to investigate further
✔  The most recent telephone listing as reported by the EDA source

Important: The Public Records and commercially available data sources used in Smartlinx(TM) Reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the information contained in the SmartlInx(TM) Reports is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Source: Public Records > SmartlInx(TM) Searches (Consolidated report from multiple sources) > SmartlInx(TM) - Person Summary Reports ⓘ
Terms: **last-name(Petelle) , first-name(Jo) , other-name(ro) , state(CA)** (Edit Search)

View: Full
Date/Time: Tuesday, February 12, 2008 - 2:01 PM EST



About LexisNexis  | Terms & Conditions  | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# EXHIBIT 5

Department of Defense Manpower Data Center                                    FEB-12-2008 10:40:09



Military Status Report
Pursuant to the Servicemembers Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|-----------|--------------|------------|--------------------|----------------|
| PETELLE | Joe | | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Military. **HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.**

*Mary M. Snavely-Dixon*

_____

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The Department of Defense strongly supports the enforcement of the Servicemembers Civil Relief Act [50 USCS Appx. §§ 501 et seq] (SCRA) (formerly the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's active duty status by contacting that person's Military Service via the "defenselink.mil" URL provided below. If you have evidence the person is on active-duty and you fail to obtain this additional Military Service verification, provisions of the SCRA may be invoked against you.

If you obtain further information about the person ( e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects current active duty status only. For historical information, please contact the Military Service SCRA points-of-contact.

   See: http://www.defenselink.mil/faq/pis/PC09SLDR.html

*Report ID:***BMQDNUHIPBZ**

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

3

 I am employed in the office of Holme Roberts & Owen in San Francisco, California.  I am

4

over the age of eighteen years and not a party to the within action.  My business address is 560

5

Mission Street, 25th Floor, San Francisco, CA  94105.

6

 On February 22, 2008, I served the foregoing documents described as:

7

**DECLARATION OF MATTHEW FRANKLIN JAKSA IN SUPPORT OF PLAINTIFFS'**

8

**REQUEST FOR DEFAULT**

9

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed

10

envelope addressed as follows:

11

**Joe Petelle**
**131 Senter Road**

12

**San Jose, CA  95111**

13

 ☒ BY MAIL: I am "readily familiar" with the firm's practice of collection and

14

processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal

15

service on that same day with postage thereon fully prepaid at San Francisco, California in the

16

ordinary course of business.  I am aware that on motion of the party served, service is presumed

17

invalid if postal cancellation date or postage meter date is more than one day after date of deposit for

18

mailing in affidavit.

19

 ☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this

20

court at whose direction the service was made.

21

 Executed on February 22, 2008 at San Francisco, California.

22

23

24



25

26

27

28

1

PROOF OF SERVICE
Case No.  5:07-CV-04791-JF
#35421 v1